IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES JARVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 3:18-CV-533 |
| | ) |
| RONALD DAVIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Before the Court is the Response to the Order to Show Cause [DE 12]. On November 16, 2018, Magistrate Judge Michael G. Gotsch, Sr., ordered the Corizon Defendants (Corizon Health, Inc. and Corizon, LLC), to show cause why this case should not be remanded to the Marion Superior Court.

Judge Gotsch correctly set forth this case's intricate history as follows: on August 11, 2016, Defendants, Corizon Health, Inc. and Corizon, LLC ("the Corizon Defendants") filed a Notice of Removal in *Jarvis v. Corizon, LLC,* et al., Case No. 3:16-cv-525-RL-MGG ("the '525 Case"). On October 27, 2016, this Court remanded the '525 Case back to Marion Superior Court because the Notice of Removal was defective and was not cured in a timely manner. [DE 32, '525 Case.] At the time this Court remanded the '525 Case, Dr. Davis had not been served. In fact, the Court explicitly rejected the Corizon Defendants' invitation to deny Plaintiff's motion to remand "because Dr. Davis could simply file a notice of removal himself once he is served, which would bring the

case back to federal court and amount to a waste of resources." [DE 32 at 8, '525 Case.]

Upon return to Marion Superior Court, Plaintiff's case proceeded to the point of having a trial scheduled for October 23, 2018. However, review of the Marion Superior Court docket reveals no evidence that Dr. Davis was ever officially served even despite attempts in June 2018 at service by publication. [DE 1-5 & DE 1-6.] All the docket shows is that an attorney entered his appearance for Dr. Davis on July 12, 2018. Four days later, that same attorney filed the Notice of Removal on behalf of Dr. Davis in the instant action. The removal invokes jurisdiction based on federal question. [DE 1-1; 1 at 2.] It is unclear why this case has a different cause number assigned to it than the number it was assigned when it was removed back in 2016. In any event, not surprisingly, the Corizon Defendants and Defendant Advanced Correctional Healthcare, Inc. ("ACH") consented to the renewed removal.

Then, on October 19, 2018, counsel for Dr. Davis and ACH filed their Stipulation of Dismissal with Prejudice indicating that all matters had been resolved between them and Plaintiff. [DE 9.] Accordingly, I dismissed Davis and ACH as Defendants on November 5, 2018, leaving only the Corizon Defendants in this case. [DE 10.] Recall that the claims against the Corizon Defendants are supplemental claims based on state law. The issue, therefore, is whether I should keep the case in federal court or remand the remaining supplemental claims back to Marion County Superior Court.

Magistrate Judge Gotsch asked the Corizon Defendants to weigh in on whether the case should continue here or be remanded. Its response was an odd one. On the one

hand, Corizon tells me that it admits that "Plaintiff's only federal claim was against Dr. Davis, and with the dismissal of Dr. Davis, Plaintiff has no other claims that implicate federal law." [DE 12 at 2.] This is confirmed by the fact that the civil cover sheet accompanying the removal in this action states that jurisdiction is solely based on federal question jurisdiction. [DE 1-1.] But then the Corizon Defendants also mention in its filing with the court that there is "complete diversity" anyway. [DE 12 at 2.] I'm not so sure about that. It is true that the Corizon Defendants say that Corizon Inc. is "incorporated in Delaware and headquartered in Brentwood, Tennessee." *Id.* But it doesn't say a whiff about the citizenship of Corizon LLC. Nor does it say anything about the amount in controversy.

In sum, diversity jurisdiction has not been properly invoked, and federal jurisdiction cannot be conferred by consent of the parties. *Gainesville v. Brown-Crummer Invest. Co.*, 277 U.S. 54, 59 (1928); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986). What's more, "federal courts are obliged to police the constitutional and statutory limitations on their jurisdiction. That is why, even at the appellate level, the court must satisfy itself that there is federal jurisdiction over the case." *Kanzelberger*, 782 F.2d at 777.

The question thus becomes whether I should keep jurisdiction over the supplemental claims. This is a discretionary call. The Seventh Circuit suggests remanding state law claims when they are all that is left in a case prior to trial. *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998) ("when the district court dismisses

all federal claims before trial, the usual and preferred course is to remand the state claims to the state court unless there are countervailing considerations."); *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (stating the general rule that "when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits."). In its response the Corizon Defendants request that I exercise discretion to keep this case in federal court to prevent any "further complexity" in remanding the case back to state court. [DE 12 at 2.] I'm not sure what that means. If anything, the complexity is keeping it here. After all, the case resided in state court for two years before it was removed here for a second time. A trial was set for a few months down the road when the case was re-removed. It seems to me that the best exercise of discretion under these circumstances is to return the case to the place where it was litigated for so long.

It is therefore ORDERED that this action is REMANDED pursuant to 28 U.S.C. § 1447(c) back to the Marion County Superior Court for lack of subject matter jurisdiction.

ENTERED: November 27, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT